Case 7:19-cv-09542 Document 1-2 Filed 10/16/19 Page 1 of 30

SUPREME COURT OF THE STATE OF NEW YORK
SULLIVAN COUNTY

---

ROBERTA REARDON, Commissioner of Labor of the
State of New York,

 Plaintiff,

-against-

FIRST NATIONAL INSURANCE COMPANY OF
AMERICA, SAFECO INSURANCE COMPANY OF
AMERICA, SAFECO NATIONAL INSURANCE
COMPANY, and LIBERTY MUTUAL INSURANCE
COMPANY,

 Defendants.

---

VERIFIED COMPLAINT

Index No.  E2019-1876

Date of Filing: 09/12/2019

---

The plaintiff herein, by her attorney, LETITIA JAMES, Attorney General of the State of the New

York, as and for her complaint against the above-named defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.  This action is brought pursuant to State Finance Law § 137 and Labor Law §§ 220(7) and

(8), and 220-g for the payment of a bond secured to guarantee prompt payment for underpaid prevailing

wages and supplements, with interest to be paid to workers of V.M.K. Corp. ("VMK"), payable to

ROBERTA REARDON, Commissioner of Labor of the State of New York ("the Commissioner").

2.  The underpaid prevailing wages and supplements originally amounted to $809,332.85.

3.  The interest amounts to $1,671,856.49 and the civil penalty amounts to $620,927.33.[1]

4.  Original jurisdiction and venue in the Supreme Court, Sullivan County, is based upon

§ 137(4) (a) of the New York State Finance Law and § 501 of the New York Civil Practice Law and Rules,

in that the underlying contract provides that venue shall be in the county where the contract was to be

---

[1] These amounts are calculated to 9/1/19.

2

performed and that the work and labor on the contract was performed in Sullivan County, in Fallsburg, New York.

PARTIES

5. Plaintiff, the Commissioner, is the Commissioner of Labor of the State of New York. Plaintiff maintains an office for business at the State Office Building Campus, Building 12, Albany, New York 12240.

6. Upon information and belief, and at all times hereinafter mentioned the defendant, FIRST NATIONAL INSURANCE COMPANY OF AMERICA ("FIRST NATIONAL"), is a corporation, domiciled in New Hampshire, licensed to do business in New York State, and maintains its corporate offices at 175 Berkeley Street, Boston, MA 02116.

7. Upon information and belief, and at all times hereinafter mentioned the defendant, SAFECO INSURANCE COMPANY OF AMERICA ("SAFECO"), is a corporation, domiciled in New Hampshire, licensed to do business in New York State, and maintains its corporate offices at 175 Berkeley Street, Boston, MA 02116.

8. Upon information and belief, and at all times hereinafter mentioned the defendant, LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY"), is a corporation, domiciled in Washington, licensed to do business in New York State, and maintains its corporate offices at Safeco Plaza, 1001 4th Avenue, Suite 1700, Seattle, WA 98134.

9. Upon information and belief, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO NATIONAL INSURANCE COMPANY, are wholly-owned subsidiaries of LIBERTY MUTUAL INSURANCE COMPANY.

3

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM INDEX NO. E2019-1876

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 09/12/2019

10. Hereinafter, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO NATIONAL INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, shall be collectively referred to as "INSURERS."

11. INSURERS issued a labor and material payment bond on April 29, 2005, guaranteeing payment to all persons furnishing labor and materials on behalf of VMK, in connection with a New York State public work project at the New York State Sullivan Correctional Facility under Bond Number 6334836.

## RELEVANT STATUTORY PROVISIONS

12. Section 17 of Article 1 of the New York State Constitution, as implemented by Labor Law § 220(3), mandates the payment of prevailing wages and supplements to workers employed on a public work project ("the prevailing wage law").

13. State Finance Law § 137 provides that public improvement projects performed for the State of New York be secured by a bond to guarantee prompt payment to every person who has furnished labor and materials.

14. Under State Finance Law § 137(3) and (5)(b), any laborer who has not been paid in full within ninety days of the last date that labor was performed may sue on the payment bond for the amount due in wages and benefits as well as any amount due pursuant to the Labor Law.

15. The State Finance law further provides that "any person authorized to collect such payments shall have the right to sue on the payment bond in his own name" for moneys due persons furnishing labor. State Finance Law § 137(5)(b).

16. The Commissioner as fiscal officer (Labor Law §§ 220(5) (e) and 220-g) is authorized, to direct payment of wages and supplements, including interest and civil penalties, collect payment, and

4

INDEX NO. E2019-1876

enter judgments on behalf of laborers who have not been paid prevailing wages and supplements in accordance with Article 8 of the Labor Law. Labor Law § 220(7) and (8).

17.    Under Labor Law § 220-g and State Finance Law § 137(4)(b), the Commissioner may bring an action "within one year of the date of the last alleged underpayment, or within one year of the date of the filing of an order by the Commissioner or other fiscal officer determining a wage or supplement underpayment." Labor Law § 220-g.

## FACTS

18.    On or about June 2, 2005, the New York State Office of General Services ("OGS") entered into a written agreement with VMK, whereby VMK was to perform roofing replacement work, at the New York State Sullivan Correctional Facility in Sullivan County, New York under Project No. 42663C.

19.    In accordance with State Finance Law § 137, SAFECO and FIRST NATIONAL issued a labor and material payment bond guaranteeing payment to all persons furnishing labor and materials on behalf of VMK in connection with the OGS contract, Bond Number 6334836.

20.    The Bond was issued on April 29, 2005. The Bond is annexed hereto as Exhibit "A."

21.    After the VMK began work on the project, the Commissioner began investigating underpayments of wages on this project, and several other projects that VMK was performing in other locations within New York State.

22.    On August 14, 2017, the Commissioner conducted a hearing under Article 8 of the Labor Law, §§ 220 et seq., regarding VMK's failure to pay the prevailing rate of wages or provide the supplements prevailing in the locality to certain identified laborers employed by VMK, and the amount of this underpayment.

23.     On September 12, 2018, the hearing officer issued a Report and Recommendation to the Commissioner, finding that VMK underpaid wages and supplements due to the identified employees in the amount of $66,918.21, owed interest on the total underpayment in the amount of 16% per annum from the date of underpayment to the date of payment, and owed a civil penalty in the amount of 25% of the underpayment and interest due. The hearing officer found that VMK, was responsible for the underpayment, interest, and civil penalty due. The Report and Recommendation is annexed hereto as Exhibit "B."

24.     On September 17, 2018, the Commissioner issued a Determination and Order confirming the hearing officer's findings. The Determination and Order is annexed hereto as Exhibit "C."

25.     On September 25, 2018, the Commissioner issued a Notice of Filing to VMK. The Notice of Filing is annexed hereto as Exhibit "D."

26.     On September 1, 2019, the total amount due was calculated to be $3,101,486.67. This total included the original underpayment amount of $809,332.85, interest as set forth in Labor Law § 220(8) calculated to that date in the amount of $1,671,856.49, and the civil penalty calculated to $620,297.33.

27.     Although duly demanded by the Commissioner, VMK has not paid the sum of $3,101,486.67, or any part thereof.

28.     On or before May 15, 2019, the INSURERS were notified by the Office of the Attorney General, as attorney for the Commissioner, of their obligations under the Bond in accordance with State Finance Law § 137 and Labor Law § 220-g.

29.     SAFECO, FIRST NATIONAL, and LIBERTY have not paid the sum of $3,101,486.67, nor any portion thereof.

6

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM                    INDEX NO. E2019-1876

NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 09/12/2019

AS AND FOR A CAUSE OF ACTION AGAINST SAFECO, FIRST NATIONAL, AND LIBERTY

30.    Plaintiff repeats and re-alleges each and every allegation stated and contained in paragraphs numbered "1" through "29" of the complaint as if same were set forth full and in their entirety herein.

31.    SAFECO, FIRST NATIONAL, and LIBERTY have failed to pay the Commissioner the amount demanded, $3,101,486.67, or any part thereof.

32.    SAFECO, FIRST NATIONAL, and LIBERTY are obligated under Bond Number 6334836 to pay the Commissioner the sum of $3,101,486.67.


WHEREFORE, plaintiff demands judgment on the Cause of Action against SAFECO, FIRST NATIONAL, and LIBERTY in the amount of $3,101,486.67, together with interest and the costs of this action, and for any further relief this court deems just and proper.


Dated: September 12, 2019
       New York, New York


                                              LETITIA JAMES
                                              Attorney General of the State of New York
                                              Attorney for Plaintiff
                                              28 Liberty Street
                                              New York, New York 10005
                                              (212) 416 – 8662
                                              jeremy.pfetsch@ag.ny.gov


                                       By:    Jeremy Pfetsch
                                              Assistant Attorney General


7

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM    INDEX NO. E2019-1876
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 09/12/2019

## VERIFICATION

STATE OF NEW YORK    )
                          :
COUNTY OF NEW YORK  )

        JEREMY PFETSCH, being duly sworn, deposes and says:

        That I am an Assistant Attorney General of the State of New York, attorneys for ROBERTA REARDON, Commissioner of Labor of the State of New York, and am duly authorized to make this verification. The principal place of business of ROBERTA REARDON, Commissioner of Labor of the State of New York is Albany County, New York.

        That I have read the foregoing Verified Complaint and know the contents thereof and that the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, as to those matters I believe them to be true.

JEREMY PFETSCH

Sworn to before me this
12th day of September, 2019

Notary Public

GARY LEIBOWITZ
Notary Public - State of New York
No. 02LE5015510
Qualified in Kings County
My Commission Expires 07/19/2021

8

NYSCEF DOC. NO. 3

INDEX NO. E2019-1876

RECEIVED NYSCEF: 09/12/2019

# EXHIBIT A

PAGE ·12/15

Bond #6334836

| Approved as to form by | STATE OF NEW YORK | Comptroller's Form |
| Attorney-General | - - - - - - - | (Sec. 137) |
| August 26, 1964 | LABOR AND MATERIAL BOND | State Finance Law |

Known all persons by these presents, that

VMK Corp.
8617 Third Avenue
Brooklyn, NY 11209

(hereinafter called the "PRINCIPAL") and the First National Insurance Comapny of America
a corporation created and existing under the laws of the State of WA
having its principal office in the city of   Seattle
(hereinafter called the "SURETY"), are held and firmly bound unto the people of the State of New York, (hereinafter
called the "STATE"), in the full and just sum of TWO MILLION FOUR HUNDRED ELEVEN THOUSAND
($2,411,000.00) Dollars good and lawful money of the United States of America, for the payment of which said sum of
money, well and truly to be made and done, the said PRINCIPAL binds itself, its successors and assigns, and the
said SURETY binds itself, its successors and assigns jointly and severally, firmly by these presents;

Signed, sealed and dated this         April 29,         20 05. A.D.

WHEREAS, said PRINCIPAL has entered into a certain written contract with the

Department of Correctional Services
Provide EPDM Roof System, Building Nos. 1-5 and 8-10, Sullivan CF, 325 Riverside Drive, P. O. Box AG, Fallsburg,
NEW YORK, Project No. 42663C dated February 17, 2005 and Addendum No. 1 dated April 08, 2005, Addendum No.
2 dated April 13, 2005, Addendum No. 3 dated April 21, 2005.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that if the said Principal shall
promptly pay all moneys due to all persons furnishing labor or materials to him or his subcontractors in the
prosecution of the work provided for in said contract, then this obligation shall be void, otherwise to remain in full
force and effect;

Provided, however, that the Comptroller of the State of New York having required the said Principal to furnish
this bond in order to comply with the provisions of Section 137 of the State Finance law, all rights and remedies on
this bond shall inure solely to such persons and shall be determined in accordance with the provisions, conditions
and limitations of said Section to the same extent as if they were copied at length herein; and

Further, provided, that the place of trial of any action on this bond shall be in the county in which the said
contract was to be performed, or if said contract was to be performed in more than one county, then in any such
county, and not elsewhere.

RECEIVED
N.Y.S. DEPT. OF LABOR
From OGS
SEP 07 2010

BUREAU OF PUBLIC WORK

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM   INDEX NO. E2019-1876
NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 09/12/2019

PAGE 13/15

IN TESTIMONY WHEREOF, the said PRINCIPAL has hereunto set his(her, their, its) hand

and seal and the said Surety has caused this instrument to be signed by its Attorney-in-Fact and its

corporate seal to hereunto affixed, the day and year first above written.

Signed, sealed and delivered
in the presence of

Corporate seal
of Principal of __VMK Corp._____ [L.S.]

_____ [L.S.]

_____ [L.S.]
                                Principal

First National Insurance Co. of Company
America
of PO Box 34526, Seattle, WA 98124

(Corporate seal    By _____
of Surety Co. )              Attorney-in-Fact   Linda J. Hayward

Witness _____

**RECEIVED**
**N.Y.S. DEPT. OF LABOR**
From OGS

SEP 07 2010

BUREAU OF PUBLIC WORK

_____

(Acknowledge of bond by contractor, if not a corporation)

STATE OF NEW YORK

COUNTY OF _____ SS:


On this _____ day of _____ 20____ , before me the

undersigned, a Notary Public in and for said State, personally appeared _____

, personally known or proved to me on the basis of satisfactory evidence to be the individual(s) whose

name(s) is (are) subscribed to this instrument and acknowledged to me that he/she/they executed

the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument,

(check one) _____ the individual(s), or _____ the person upon behalf of which the individual(s) acted,

executed the instrument.


_____      _____
        Notary Public                      County

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM INDEX NO. E2019-1876

NYSCEF DOC. NO. 3 RECEIVED NYSCEF: 09/12/2019

**SAFECO**

**FIRST NATIONAL SURETY**
PO BOX 34526
SEATTLE, WA 98124-1526

Bond #6334836

**POWER
OF ATTORNEY**

FIRST NATIONAL INSURANCE COMPANY OF AMERICA
PO BOX 34526
SEATTLE, WA 98124-1526

No. __10946__

**KNOW ALL BY THESE PRESENTS:**

That FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington corporation, does hereby appoint
*******************GERALDINE L. LONGO; LINDA VERSELLI; JOHN C. WAGNER; LINDA J. HAYWARD; CAROL A. SZLACHETKA; BRADLEY HAYWARD;
MICHAEL S. LONGO; ROBERT J. MCMILLAN Farmington, Connecticut***************************************************

its true and lawful attorney(s)-in-fact, with full authority to execute on behalf of the company fidelity and surety bonds or undertakings and other documents of a
similar character issued by the company in the course of its business, and to bind FIRST NATIONAL INSURANCE COMPANY OF AMERICA thereby as fully as
if such instruments had been duly executed by its regularly elected officers at its home office.

IN WITNESS WHEREOF, FIRST NATIONAL INSURANCE COMPANY OF AMERICA has executed and attested these presents

this __9th__ day of __December__, __2004__

*CBMead*

**CHRISTINE MEAD, SECRETARY**

*Mike McGavick*

**MIKE MCGAVICK, PRESIDENT**

**CERTIFICATE**

Extract from the By-Laws of FIRST NATIONAL INSURANCE COMPANY OF AMERICA:

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that
purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with
authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its
business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or
on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however,
that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of
FIRST NATIONAL INSURANCE COMPANY OF AMERICA adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
   (i) The provisions of Article V, Section 13 of the By-Laws, and
   (ii) A copy of the power-of-attorney appointment, executed pursuant thereto, and
   (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Christine Mead, Secretary of FIRST NATIONAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a
Resolution of the Board of Directors of this corporation, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the
Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this __29th__ day of __April__, __2005__



*[SEAL: FIRST NATIONAL INSURANCE COMPANY OF AMERICA — CORPORATE SEAL 1928 — STATE OF WASHINGTON]*

**RECEIVED**
**N.Y.S. DEPT. OF LABOR**
From OGS
**SEP 0 7 2010**

**BUREAU OF PUBLIC WORK**

*CBMead*

**CHRISTINE MEAD, SECRETARY**

S-1049/FNEF 7/98

® A registered trademark of SAFECO Corporation
12/09/2004 PDF

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM   INDEX NO. E2019-1876

NYSCEF DOC. NO. 3   RECEIVED NYSCEF: 09/12/2019

PAGE 14/15

RECEIVED
N.Y.S. DEPT. OF LABOR
From OGS
SEP 07 2010
BUREAU OF PUBLIC WORK

(Acknowledgement of bond by contractor, if a corporation)

STATE of NEW YORK          )
                           ) ss.:
County of *KINGS*          )

On this ___2nd___ day of ___MAY___ 20_05_, before me personally came ___Richard Maconi___ to me known, who being by me duly sworn, did depose and say that ___ he resides in ___MANALAPAU NJ___ ; that ___ be is the ___Pres___ of the ___VMK Corp___ the corporation described in and which executed the foregoing instrument; that ___ he knew the seal of said corporation, that the seal affixed to said instrument was such corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that ___ he signed his/her name thereto by like order.

_____          _____
Notary Public                      County

LAWRENCE DACCHILLE
Notary Public, State of New York
No. 24-4967586
Qualified in Kings County
Commission Expires June 4, 2006

(Acknowledgement of bond by Surety Company)

STATE of ~~NEW YORK~~ CT          )
                                  ) ss.:
County of ___Hartford___          )

On this ___29th___ day of ___April___ 2005___, before me personally came ___Linda J. Hayward___ to me known, who being by me duly sworn, did depose and say that S_he resides in ___Bristol, CT___ ; that S_he is the Attorney in Fact of the ___First National Ins. Co___ the corporation described in and which executed the foregoing instrument; that ___S_he knew the seal of said corporation, that the seal affixed to said instrument was such corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that ___She signed his/her name thereto by like order.

_____          _____
Notary Public                      County

LINDA VERSELLI
NOTARY PUBLIC
NY COMMISSION EXPIRES MAR. 31, 2009

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM   INDEX NO. E2019-1876
NYSCEF DOC. NO. 3                                                          RECEIVED NYSCEF: 09/12/2019

PAGE  15/15

STATE OF NEW YORK

    I hereby approve the foregoing contract and bond as to form and manner of execution.

Dated _____

_____

Attorney General


STATE OF NEW YORK

    I hereby approve the foregoing contract and bond as to form and manner of execution and sufficiency of sureties.

Dated _____

_____

Comptroller


RECEIVED
N.Y.S. DEPT. OF LABOR
From OGS
SEP 0 7 2010

BUREAU OF PUBLIC WORK

Case 7:19-cv-08542 Document 1-2 Filed 10/16/19 Page 14 of 30

RECEIVED NYSCEF: 09/12/2019

# EXHIBIT B

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM        INDEX NO. E2019-1876

NYSCEF DOC. NO. 4                                        RECEIVED NYSCEF: 09/12/2019

STATE OF NEW YORK: DEPARTMENT OF LABOR
---------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
New York State Office of General Services.
---------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
Dormitory Authority – State of New York.
---------------------------------------------------------------------X

**DEFAULT
REPORT
&
RECOMMENDATION**

Prevailing Rate Case
No. 2007008786
Case ID: PW02 2009003056
Chemung County

Prevailing Rate Case
No. 2009002122
Case ID: PW02 2009010909
Ulster County

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM   INDEX NO. E2019-1876

NYSCEF DOC. NO. 4                                          RECEIVED NYSCEF: 09/12/2019

----------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law          Prevailing Rate Case
as to whether prevailing wages and supplements were paid          No. 2007007635
to or provided for the laborers, workers and mechanics            Case ID: PW02 2009007134
employed on a public work project for the                         Orange County
New York State Office of General Services.

----------------------------------------------------------------X


In the Matter of


V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law          Prevailing Rate Case
as to whether prevailing wages and supplements were paid          No. 0407615
to or provided for the laborers, workers and mechanics            Case ID: PW02 2009006631
employed on a public work project for the                         Sullivan County
New York State Office of General Services.

----------------------------------------------------------------X


To:     Honorable Roberta Reardon
        Commissioner of Labor
        State of New York


        Pursuant to a Notice of Hearing issued on June 12, 2017, a hearing was held on August

14, 2017 in Albany, New York and by videoconference with Glendale, New York. The purpose

of the hearing was to provide all parties an opportunity to be heard on the issues raised in the

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM          INDEX NO. E2019-1876

NYSCEF DOC. NO. 4                                          RECEIVED NYSCEF: 09/12/2019

Notice of Hearing and to establish a record from which the Hearing Officer could prepare this Report and Recommendation for the Commissioner of Labor.

The hearing concerned an investigation conducted by the Bureau of Public Work ("Bureau") of the New York State Department of Labor ("Department") into whether V.M.K. Corp. ("V.M.K. Corp.", "Respondent") complied with the requirements of Labor Law article 8 (§§ 220 *et seq.*) in the performance of public work contracts involving four projects, to wit: furnishing labor, tools, and equipment necessary for roofing construction work at the Elmira Correctional Facility located in Chemung County, New York (PRC No. 2007008786) ("Project No. 1") for New York State Office of General Services ("Department of Jurisdiction 1"); furnishing labor, tools, and equipment necessary for the College/Shango Hall roof removal and installation of a new single ply membrane roof system located in Ulster County, New York (PRC No. 2009002122) ("Project No. 2") for Dormitory Authority – State of New York ("DASNY", "Department of Jurisdiction 2"); furnishing labor, tools, and equipment necessary for the roof replacement at Mid-Orange Correctional Facility located in Orange County, New York (PRC No. 2007007635) ("Project No. 3") for New York State Office of General Services ("Department of Jurisdiction 3"); and furnishing labor, tools, and equipment necessary for the EPDM Roof System at the Sullivan Correctional Facility located in Sullivan County, New York (PRC No. 0407615) ("Project No. 4") for New York State Office of General Services ("Department of Jurisdiction 4") .

## HEARING OFFICER

John Scott was designated as Hearing Officer and conducted the hearing in this matter.

## APPEARANCES

The Bureau was represented by Department Counsel, Pico Ben-Amotz, (Larissa Bates, Senior Attorney, of Counsel)

There was no appearance made by, or on behalf of V.M.K. Corp.

## FINDINGS AND CONCLUSIONS

On June 19, 2017, the Department duly served a copy of the Notice of Hearing on V.M.K. Corp., via regular and certified mail, return receipt requested (Hearing Officer Ex. 2).

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM   INDEX NO. E2019-1876
NYSCEF DOC. NO. 4                                                        RECEIVED NYSCEF: 09/12/2019

The regular mail envelope was not returned to the Department. In addition, on July 13, 2017, the Department personally served a copy of the Notice of Hearing on V.M.K. Corp. by service on the New York State Department of State (Hearing Officer Ex. 4). The Notice of Hearing scheduled a hearing on August 14, 2017 and required the Respondents to serve an Answer at least 14 days in advance of the scheduled hearing.

V.M.K. Corp. failed to file an Answer to the charges contained in the Notice of Hearing or to appear at the hearing. As a consequence, V.M.K. Corp. is in default in this proceeding.

The Notice of Hearing alleges that V.M.K. Corp. underpaid wages and supplements to its workers in all four projects.

At the hearing, the Department produced substantial and credible evidence, including the sworn testimony of the Bureau investigator and documents describing the underpayments, which supported the Bureau's charges that:

### Project No. 1

Project 1 was subject to Labor Law article 8; and

V.M.K. Corp. entered into a contract for Project 1 with Department of Jurisdiction 1; and

V.M.K. Corp. willfully underpaid $114,229.66 to its workers for the audit period weeks ending 06/04/2008 to 10/28/2009; and

V.M.K. Corp. falsified its payroll records in connection with that willful underpayment; and

Richard Macone is an officer of V.M.K. Corp.; and

Richard Macone knowingly participated in the violation of Labor Law article 8.

### Project No. 2

Project 2 was subject to Labor Law article 8; and

V.M.K. Corp. entered into a contract for the Project 2 with Department of Jurisdiction 2; and

V.M.K. Corp. willfully underpaid $147,797.49 to its workers for the audit period weeks ending 06/24/2009 to 10/28/2009; and

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM INDEX NO. E2019-1876

NYSCEF DOC. NO. 4                                                        RECEIVED NYSCEF: 09/12/2019

V.M.K. Corp. falsified its payroll records in connection with that willful underpayment; and

Richard Macone is an officer of V.M.K. Corp.; and

Richard Macone knowingly participated in the violation of Labor Law article 8.

### Project No. 3

Project 3 was subject to Labor Law article 8; and

V.M.K. Corp. entered into a contract for the Project 3 with Department of Jurisdiction 3; and

V.M.K. Corp. willfully underpaid $66,918.21 to its workers for the audit period weeks ending 04/30/2008 to 09/17/2008; and

V.M.K. Corp. falsified its payroll records in connection with that willful underpayment; and

Richard Macone is an officer of V.M.K. Corp.; and

Richard Macone knowingly participated in the violation of Labor Law article 8.

### Project No. 4

Project 4 was subject to Labor Law article 8; and

V.M.K. Corp. entered into a contract for the Project 4 with Department of Jurisdiction 4; and

V.M.K. Corp. willfully underpaid $809,332.85 to its workers for the audit period weeks ending 05/03/2006 to 10/31/2007; and

V.M.K. Corp. falsified its payroll records in connection with that willful underpayment; and

Richard Macone is an officer of V.M.K. Corp.; and

Richard Macone knowingly participated in the violation of Labor Law article 8.

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM

NYSCEF DOC. NO. 4

## General

The Department did not offer evidence establishing that Respondent was an experienced public work contractor with a history of failures to pay prevailing wages. However, I will take judicial notice that this case is just one of several cases decided by the Commissioner of Labor that involved Respondent's willful failure to pay prevailing wages to its many employees on public work projects. Furthermore, I find that Respondent's failure to pay prevailing wages to the multitude of employees in these four cases, when it knew all four projects were public work projects, constituted serious violations of Labor Law article 8. Additionally, Respondent's falsification of the payroll documents is clearly a failure to comply with recordkeeping requirements. Finally, Respondent's failure to cooperate and participate in this hearing are indicia of bad faith. I find the totality of the evidence sufficient to support the Department's request that the Commissioner assess a 25% civil penalty.

For the foregoing reasons, the findings, conclusions and determinations of the Bureau should be sustained.

## RECOMMENDATIONS

Based upon the default of the Respondent in answering or contesting the charges contained in the Department's Notice of Hearing, and upon the sworn and credible testimonial and documentary evidence adduced at hearing in support of those charges, I recommend that the Commissioner of Labor make the following determinations and orders in connection with the issues raised in this case:

DETERMINE that V.M.K. Corp. underpaid its workers $114,229.66 on Project 1, PRC No. 2007008786; and

DETERMINE that V.M.K. Corp. underpaid its workers $147,797.49 on Project 2, PRC No. 2009002122; and

DETERMINE that V.M.K. Corp. underpaid its workers $66,918.21 on Project 3, PRC No. 2007007635; and

DETERMINE that V.M.K. Corp. underpaid its workers $809,332.85 on Project 4, PRC No. 0407615; and

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM  INDEX NO. E2019-1876
NYSCEF DOC. NO. 4                                          RECEIVED NYSCEF: 09/12/2019

DETERMINE that V.M.K. Corp. is responsible for interest on the total underpayments in these four projects at the statutorily mandated rate of 16% per annum from the date of underpayment to the date of payment; and

DETERMINE that the failure of V.M.K. Corp.to pay the prevailing wage or supplement rates in these four projects was a "willful" violation of Labor Law article 8; and

DETERMINE that the willful violation of V.M.K. Corp. in all four projects involved the falsification of payroll records under Labor Law article 8; and

DETERMINE that Richard Macone is an officer of V.M.K. Corp.; and

DETERMINE that Richard Macone knowingly participated in the violation of Labor Law article 8 in all four projects; and

DETERMINE that V.M.K. Corp. be assessed a civil penalty in the Department's requested amount of 25% of the underpayment and interest due in each of the four projects; and

ORDER that the Bureau compute the total amount due (underpayments of $114,229.66 in Project 1, $147,797.49 in Project 2, $66,918.21 in Project 3, and $809,332.85 in Project 4, interest at 16% from date of underpayment and 25% civil penalty); and

ORDER that upon the Bureau's notification, V.M.K. Corp. shall immediately remit payment of the total amount due, made payable to the Commissioner of Labor, to the Bureau at: State Office Building, 44 Hawley Street, Room 908, Binghamton, NY 13901; and

ORDER that the Bureau compute and pay the appropriate amount due for each employee in each of the four Projects, and that any balance of the total amount due shall be forwarded for deposit to the New York State Treasury.

Dated: September 12, 2018
      Albany, New York

Respectfully submitted,

John Scott, Hearing Officer

INDEX NO. E2019-1876
RECEIVED NYSCEF: 09/12/2019

Case 7:19-cv-09543   Document 1-3   Filed 10/16/19   Page 22 of 30

# EXHIBIT  C

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM        INDEX NO. E2019-1876
NYSCEF DOC. NO. 5                                        RECEIVED NYSCEF: 09/12/2019

STATE OF NEW YORK: DEPARTMENT OF LABOR

-------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
New York State Office of General Services.

-------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
Dormitory Authority – State of New York.

-------------------------------------------------------------------X

**DETERMINATION
&
ORDER**

Prevailing Rate Case
No. 2007008786
Case ID: PW02 2009003056
Chemung County

Prevailing Rate Case
No. 2009002122
Case ID: PW02 2009010909
Ulster County

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM          INDEX NO. E2019-1876
NYSCEF DOC. NO. 5                                         RECEIVED NYSCEF: 09/12/2019

```
------------------------------------------------------------X
```

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

              Prime Contractor,

                    and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
New York State Office of General Services.

```
------------------------------------------------------------X
```

|   |   |
|---|---|
|   | Prevailing Rate Case |
|   | No. 2007007635 |
|   | Case ID: PW02 2009007134 |
|   | Orange County |

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

              Prime Contractor,

                    and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
New York State Office of General Services.

```
------------------------------------------------------------X
```

Prevailing Rate Case
No. 0407615
Case ID: PW02 2009006631
Sullivan County

WHEREAS a hearing was held in the above-captioned matter; and

WHEREAS the Hearing Officer submitted the annexed Report & Recommendation dated

September 12, 2018:

NOW, upon review of the entire record, and upon reading the Hearing Officer's Report &

Recommendation, and due deliberation having been had thereon, it is

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM

NYSCEF DOC. NO. 5

INDEX NO. E2019-1876

RECEIVED NYSCEF: 09/12/2019

ORDERED that the Hearing Officer's findings of fact and conclusions of law be, and hereby are, adopted; and it is further ORDERED that the Hearing Officer's recommended determinations and orders be, and hereby are, adopted, and they shall constitute the final **Determination & Order** of the Commissioner of Labor as if fully set forth herein.

Dated:    September 17, 2018
          Albany, New York

Roberta Reardon,
Commissioner of Labor
State of New York

# EXHIBIT D

STATE OF NEW YORK: DEPARTMENT OF LABOR
--------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
New York State Office of General Services.
--------------------------------------------------------------------X

In the Matter of

V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

Prime Contractor,

and

for a determination pursuant to Article 8 of the Labor Law
as to whether prevailing wages and supplements were paid
to or provided for the laborers, workers and mechanics
employed on a public work project for the
Dormitory Authority – State of New York.
--------------------------------------------------------------------X

**NOTICE
OF
FILING**


Prevailing Rate Case
No. 2007008786
Case ID: PW02 2009003056
Chemung County



Prevailing Rate Case
No. 2009002122
Case ID: PW02 2009010909
Ulster County

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM  INDEX NO. E2019-1876

NYSCEF DOC. NO. 6                                              RECEIVED NYSCEF: 09/12/2019

```
-------------------------------------------------------X
```

                    In the Matter of


V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

                    Prime Contractor,

                         and

for a determination pursuant to Article 8 of the Labor Law        Prevailing Rate Case
as to whether prevailing wages and supplements were paid          No. 2007007635
to or provided for the laborers, workers and mechanics            Case ID: PW02 2009007134
employed on a public work project for the                         Orange County
New York State Office of General Services.

```
-------------------------------------------------------X
```

                    In the Matter of


V.M.K. Corp.; and RICHARD MACONE as officer
and/or shareholder of V.M.K. Corp.;

                    Prime Contractor,

                         and

for a determination pursuant to Article 8 of the Labor Law        Prevailing Rate Case
as to whether prevailing wages and supplements were paid          No. 0407615
to or provided for the laborers, workers and mechanics            Case ID: PW02 2009006631
employed on a public work project for the                         Sullivan County
New York State Office of General Services.

```
-------------------------------------------------------X
```


        PLEASE TAKE NOTICE that annexed hereto are true copies of the final Determination

& Order and the Report & Recommendation duly filed in the Office of the Commissioner of

Labor on September 25, 2018.

Labor Law § 220 (8) provides that any party aggrieved by this Determination & Order may, pursuant to Article 78 of the Civil Practice Law and Rules, commence a proceeding for review directly in the Appellate Division of the Supreme Court within 30 days from this Notice of Filing.

Dated:   September 25, 2018
         Albany, New York

_Jerome A. Tracy, Hearing Officer_
NYSDOL Office of Administrative Adjudication
SOB Campus Bldg 12 Room 266C
Albany NY 12240

**CERTIFIED MAIL RETURN RECEIPET REQUESTED
& FIRST-CLASS MAIL**

TO:      V.M.K. Corp.
         8617 Third Avenue
         Brooklyn, New York 11209

         V.M.K. Corp.
         74 85th Street
         Brooklyn, New York 11209

         Richard Macone
         V.M.K. Corp.
         8617 Third Avenue
         Brooklyn, New York 11209

         Richard Macone
         V.M.K. Corp.
         74 85th Street
         Brooklyn, New York 11209

**VIA FIRST-CLASS MAIL**

NYS Office of General Services
Corning Tower – 35th Floor
Albany, New York 12242

Dormitory Authority – State of New York
515 Broadway
Albany, New York 12207

FILED: SULLIVAN COUNTY CLERK 09/12/2019 03:56 PM

NYSCEF DOC. NO. 6

INDEX NO. E2019-1876

RECEIVED NYSCEF: 09/12/2019

**<u>VIA EMAIL</u>**

James Rogers, Deputy Commissioner of Labor
for Business and Labor Affairs

Christopher Alund, Director Bureau of Public Work

Jonathan Jones, Supervising Public Work Investigator

Jerome Tracy, Hearing Officer
Administrative Adjudication Unit

John Scott, Hearing Officer
Administrative Adjudication

Pico Ben-Amotz, General Counsel
Larissa Bates, Senior Attorney, of Counsel